THOMAS K. SHANNER (SBN: 218515)
SHANNER & ASSOCIATES
7851 Mission Center Court, Suite 208
San Diego, CA  92108

Phone:         (619) 232-3057
Fax:              (619) 638-8130
Email:          toby@shannerlaw.com

ATTORNEY FOR DEBTOR/PETITIONER

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>ANDREW D. BORJA, SR.<br><br>DEBTOR/PETITIONER<br><br>v.<br><br>REAL TIME RESOLUTIONS; DOES 1 THROUGH 10,<br><br>RESPONDENTS. | Case No: 10-06450-LT7<br><br>Chapter 7<br><br>**DEBTOR'S MOTION FOR ORDER SHOWING CAUSE FOR RESPONDENTS' VIOLATION OF THE DISCHARGE INJUNCTION PURSUANT TO 11 U.S.C. § 524 AND REQUEST FOR DAMAGES, SANCTIONS, ATTORNEYS FEES AND COSTS**<br><br>**Date:    May 7, 2015**<br>**Time:    10:00 AM**<br>**Department: 3, Room 129**<br>**Judge:  Hon. Laura S. Taylor** |

COMES NOW, ANDREW D. BORJA, SR., hereinafter DEBTOR/PETITIONER ("PETITIONER"), by and through his attorney, THOMAS K. SHANNER, and brings this Request for an Order Showing Cause against REAL TIME RESOLUTIONS and; DOES 1 THROUGH 10, hereinafter RESPONDENTS ("RESPONDENTS") violation of the Discharge Injunction Pursuant to 11 U.S.C. Section 524.  PETITIONER seeks an order of this

1

Court holding RESPONDENTS in contempt for violating 11 U.S.C. Section 524 and 11 U.S.C. Section 362 and for:

1. Injunctive relief;
2. Declaratory relief;
3. Compensatory and general monetary damages;
4. Attorney's fees; and
5. Sanctions.

### I. **JURISDICTION**

Jurisdiction is conferred on this Court pursuant to the provisions of 28 U.S.C. Section 1334(b) in that this action arises from a bankruptcy proceeding under Title 11.

This court has subject matter jurisdiction under Title 11 because it is a core proceeding under 28 U.S.C. Section 157 (Walls v. Wells Fargo, 2276 F.3d 502, at 505) and 28 U.S.C. Section 154. The Bankruptcy Court has jurisdiction to enter a final order. Pursuant to §105, this Court has the power to issue any "Order, process or judgment that is necessary or appropriate" to enforce the discharge injunction.

Venue lies in this district pursuant to 28 U.S.C. Section 1391(b). Bankruptcy Rule 9014 requires that a motion to be filed charging a violation of discharge injunction and request for damages resulting from the violation. Barrientos v. Wells Fargo Bank, *N.A.*, 2001 U.S. App. Lexis 2493 (2011).

### II. **PARTIES**

PETITIONER resides in San Diego and filed for and obtained an "Order for Relief" by converting his case under Chapter 13 to a case under Chapter 7 on July 26, 2013.

RESPONDENT REAL TIME RESOLUTIONS, based on good faith and belief of the PETITIONER is an entity that received the rights to collect on a debt from an entity named SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC. d/b/a/ CHECK 'N GO.

Upon PETITIONER'S information and belief, RESPONDENT REAL TIME RESOLUTIONS does business in the State of California and is a "debt collector" who in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection. RESPONDENT REAL TIME RESOLUTIONS' agent for service of process is registered and recorded on the California Secretary of State's website as CT CORPORATION SYSTEM and has a California address.

For purposes of this Motion, unless otherwise indicated, "RESPONDENTS" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, agents, representatives, and insurers of RESPONDENTS and each of them herein. At all times mentioned herein, RESPONDENTS was and are acting as each other's agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, agents, representatives, and insurers.

### III. FACTS

**July 26, 2013**:   PETITIONER converted his case from Chapter 13 to a Chapter 7 bankruptcy. **EXHIBIT A**

**June 17, 2013**:   Debtor entered into contract with CHECK 'N GO that was later assigned to RESPONDENT REAL TIME RESOLUTIONS. Debt was incurred prior to the Chapter 7 filing.

**October 28, 2013**:   This Court issued PETITIONER'S Discharge Order pursuant to 11 U.S.C. **EXHIBIT B**

3

**January 28, 2015**:    In response to collection calls and letters made to PETITIONER, PETITIONER'S attorney notified RESPONDENT REAL TIME RESOLUTIONS in writing that RESPONDENT was collecting on a discharged debt in violation of Federal law. **EXHIBIT C**

**February 24, 2015**:    RESPONDENT REAL TIME RESOLUTIONS sends another collection demand letter to PETITIONER. **EXHIBIT D**

RESPONDENTS' violations post-discharge subject PETITIONER to harassment, embarrassment, confusion, anxiety, fear, emotional distress and robbed him of his right to a fresh start. PETITIONER has repeatedly told RESPONDENT REAL TIME RESOLUTIONS during telephone collection calls that he had filed and had received a Chapter 7 discharge on this debt. RESPONDENT REAL TIME RESOLUTIONS has ignored PETITIONER on every occasion and insists on collecting on the Debt. Even after receiving written notification from PETITIONER'S attorney of the fact that is debt was discharged, the collection efforts continue. PETITIONER needs the assistance of the Court to stop RESPONDENTS from collecting on this discharged debt.

### IV.    LIABILITY

"A bankruptcy discharge operates as an injunction against most efforts to collect debts…of a debtor." 11 U.S.C. Section 524(a)(2).

A. *Violation of the Discharge Injunction*

11 U.S.C. section 524 provides that a discharge under this title "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). Damages for violation of the

4

automatic stay are awarded through the Court's inherent power found in 11 U.S.C. Section 105. Barrientos v. Wells Fargo Bank, N.A., 2001 U.S. App. Lexis 2493 (2011).

Specifically, 11 U.S.C. Section 105(a) sets forth an intentional violation of the discharge injunction is a civil contempt and sanctionable.

PETITIONER has been forced to retain an Attorney to stop RESPONDENTS' discharge violation. PETITIONER is contractually liable to pay his attorney money to bring this motion. PETITIONER'S actual damages include transportation expenses to his attorney's office, paper, faxes, ink, telephone charges and postage. PETITIONER has suffered emotional distress, including but not limited to worry, stress, anxiety, and aggravation because of RESPONDENTS' discharge violations. Sanctions are necessary here to deter further violations. RESPONDENTS' actions warrant an appropriate penalty to prevent such attempts being made on other parties who have legally had their debts discharged by Order of the Federal Courts.

## VI. DAMAGES

"Violation(s) of 11 U.S.C. Section 524 allow an aggrieved debtor to obtain compensatory damages, attorney's fees, provides for the imposition of sanctions and to compel the offending creditor's compliance with the discharge injunction." Walls v. Wells Fargo Bank, N.A., 276 F. 3d 502, 507 (9th Cir. 2002). Emotional distress is also a component of the recoverable damages. Dawson v. Washington Mutual Bank, F.A., 390 F. 3d 139 (9th Cir. 2004).

Emotional distress damages should be awarded where a creditor violated 11 U.S.C. Section 524. Dawson v. Washington Mutual Bank, F.A., 390 F. 3d 139 (9th Cir. 2004). RESPONDENTS' discharge violations caused PETITIONER, depression, stress, anxiety, embarrassment and anguish.

PETITIONER continues suffering ongoing anxiety, stress because of RESPONDENTS' refusal to comply with this Court's Discharge Order. The matter is still unresolved for PETITIONER and the stress continues.

Sanctions in this case are appropriate. <u>In re Kortz</u>, 283 B.R. 706, 713 (2002), states that this is "not a case of simple ignorance or excusable neglect," but shows a "complete disregard for the bankruptcy protections . . . [i]s inequitable and gross misconduct . . . [and] would have succeeded in conferring an unfair advantage on itself as compared to other holders of claims."

RESPONDENT REAL TIME RESOLUTIONS has been afforded opportunities to comply with this Court's Discharge Order. PETITIONER continues incurring attorney's fees, expenses and emotional distress because of RESPONDENTS' violation of the discharge injunction ordered by this Court.

## V. PRAYER FOR RELIEF

PETITIONER having set forth his claims prays this Court order relief in the form of:

1. Ordering RESPONDENTS to stop violating the discharge injunction;
2. Declaratory relief finding RESPONDENTS violated 11 U.S.C. Section 524 discharge injunction;
3. Finding RESPONDENTS in contempt of Court under 11 U.S.C. Section 105 according to proof;
4. Awarding PETITIONER actual damages as proven at trial;
5. Awarding PETITIONER emotional distress damages;
6. Awarding Sanctions based upon RESPONDENTS' egregious conduct and intentional violation of the discharge injunction and to deter RESPONDENTS from continuing their illegal pattern and practice;

      7. Awarding PETITIONER'S Attorney's fees following a hearing on this motion by application, according to proof.

SHANNER & ASSOCIATES

Dated:      April 6, 2015      /s/ THOMAS K. SHANNER
                                         Attorney for PETITIONER